UNITED STATES, Appellee

v

JAMES T. McCARTNEY, Basic Airman,
U. S. Air Force, Appellant

11 USCMA 3, 28 CMR 227

No. 13,386

Decided November 6, 1959

*Lieutenant Colonel James L. Kilgore* and *Lieutenant Colonel Philip J. Williamson* were on the brief for Appellant, Accused.

*Colonel John F. Hannigan* and *Lieutenant Colonel Francis R. Coogan* were on the brief for Appellee, United States.

3

ROBERT E. QUINN, Chief Judge:

The decision of the board of review is reversed. United States v Williams, 2 USCMA 430, 9 CMR 60.

The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judge FERGUSON concurs.

LATIMER, Judge (concurring):

I concur.

Accused was found guilty of larceny of $142 from his roommate, and the nub of our concern with this case is his contention that his pretrial confession was improperly admitted into evidence against him. Prior to and at the commencement of the last interrogation, which ultimately resulted in the incriminating disclosure, Air Police investigators informed accused he was a suspect and advised him of his rights under Article 31, Uniform Code of Military Justice, 10 USC § 831. Had no further advice been given the accused, there would be no question concerning compliance with the above-mentioned Article. However, he had consistently denied his complicity in the crime and did not confess until after the final interrogator made other representations which were contrary to the provisions of the Code and undermined the prior correct advice.

According to the investigator, the misadvice was given to the accused because he had, in the mind of the interrogator, ceased to be a suspect. There can be no question, however, that for several days before this final interview, accused had been a prime suspect. The room from which the victim's wallet was stolen was occupied by him and accused. The latter had been formally questioned about the offense at least as early as five days prior to the final interview. And the Air Police investigator admitted his commander had told him to question accused, his fiancee, and another witness "day and night until such time as this case was busted." Under such circumstances, there was no justification for concluding

the accused was not a suspect but, in any event, once a person is a suspect, the requirements of Article 31 are anchored to something more substantial than the vacillating suspicions of one investigator. Thus, I need only determine the result when an agent's declarations undercut the correct warning already given an accused.

In United States v Washington, 9 USCMA 131, 25 CMR 393, the accused's commanding officer had apprised him of his rights under Article 31, supra, but went on to add that anything accused said would be kept in confidence. We there pointed out that such a statement effectively neutralizes any warning previously given and hence held the accused was not accorded the privilege of being advised intelligently on his rights. See also United States v Cudd, 6 USCMA 630, 20 CMR 346. While in those instances we were concerned with that portion of Article 31 which requires that an accused be advised that any statement he made could be used against him, necessarily the same reasoning applies to other provisions of the Article and, in the case at bar, the initial proper advice accused received was rendered ineffectual by his interrogator before he confessed.

The board of review reached a contrary result, based largely on the premise that the accused was an Air Policeman who had been warned of his rights on several occasions, and the misinformation did not lead him to believe he was not entitled to remain silent. That finding seems to credit the accused with more acumen than the investigator for, if the latter's story is credible—a question I need not reach—he was under the impression the accused was required to make a statement. When that situation prevails, it is not unreasonable to conclude the accused was of the same frame of mind.

For the foregoing reasons, I conclude that under the provisions of Article 31 (d) of the Code, supra, the confession should not have been received in evi-

dence. Accordingly, I join my associates in reversing the decision of the board of review and setting aside accused's conviction.